UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**TRUSTEES OF THE REFRIGERATION, AIR CONDITIONING & SERVICE DIVISION (UA-NJ) PENSION FUND, WELFARE FUND, ANNUITY FUND AND EDUCATION FUND et al.,**

*Plaintiffs*,

v.

**BPM DESIGNS, LLC,**

*Defendant.*

Civil Action No. 20-7646

ORDER

**THIS MATTER** comes before the Court by way of Plaintiffs Trustees of the Refrigeration, Air Conditioning & Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund's (the "Trustees"), Refrigeration, Air Conditioning & Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund's (the "Funds"), and New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada's (the "Union," and, together with the Trustees and the Funds, "Plaintiffs") Motion for Default Judgment, ECF No. 9, and Defendant BPM Designs, LLC's ("BPM" or "Defendant") Motion to Set Aside Default, ECF No. 12;

and it appearing that each of the Motions are opposed, see ECF Nos 12 & 14;

and it appearing that this action arises out of Plaintiffs' attempt to collect delinquent contribution payments allegedly owed by BPM to the Funds, see Compl., ECF No. 1;

and it appearing that Defendant is party to a collective bargaining agreement ("CBA") with the Union, which requires Defendant to make contributions to the Funds on behalf of its member employees, see Compl. ¶ 15; Welch Certification ("Welch Cert.") Ex. A ¶ 12, ECF No. 12.1;

1

and it appearing that Plaintiffs allege that Defendant violated the terms of the CBA and the Union's related Policy for the Collection of Fringe Benefit Contributions (the "Contribution Policy") by making delinquent payments to the Funds during the months of May, June, July, and August of 2020, see Compl. ¶ 18; Affidavit of W. Daniel Feehan ("Feehan Aff.") ¶ 12, ECF No. 9.1;

and it appearing that, pursuant to Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1145, Plaintiffs filed a single count Complaint on June 22, 2020, alleging breach of the CBA and seeking a judgment of $13,842.70 based on interest, interest penalties, liquidated damages, and attorneys' fees and costs, see generally Compl.; Feehan Aff. ¶¶ 14-19;

and it appearing that on July 17, 2020, Plaintiffs requested the Clerk of the Court enter default against Defendant, ECF No. 7, which the Clerk of the Court entered for failure to plead or otherwise defend;

and it appearing that on October 5, 2020, Plaintiffs filed the Motion for Default Judgment seeking entry of judgment against Defendant, ECF No. 9;

and it appearing that on November 2, 2020, Defendant filed the instant joint Motion to Set Aside Default and Opposition to Motion for Default Judgment, ECF No. 12;

and it appearing that in exercising its discretion to set aside default, the Court must consider "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of defendant's culpable conduct," United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984);

and it appearing that "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment," Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982);

and it appearing that to show prejudice warranting default, a plaintiff must do more than argue that there will be "[d]elay in realizing satisfaction" or that "the plaintiff will have to prove its case on the merits," Itche Corp. v. G.E.S. Bakery, Inc., No. 08-3103, 2008 WL 4416457, at *2 (D.N.J. Sept. 24, 2008) (citing Feliciano, 691 F.2d at 656-57);

and it appearing that instead, a plaintiff must "assert[] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment to support a finding of prejudice," Feliciano, 691 F.2d at 657;

and it appearing that here, Plaintiffs have already received the allegedly delinquent payments, Feehan Aff. ¶¶ 8, 14, and will not experience any other prejudice beyond mere delays in obtaining the judgment they seek;

and it appearing that "[t]he showing of a meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense," 55,518.05 in U.S. Currency, 278 F.2d at 195 (internal quotation marks and citation omitted);

and it appearing that here, Defendant has set forth a meritorious defense by arguing that its payments were not delinquent under the terms of CBA and the Contribution Policy, see Welch. Cert. ¶¶ 17-24; Def. Reply at 3-4;

and it appearing that Defendant also sufficiently disputes the judgment value reached by Plaintiffs by contending that Plaintiffs cannot recover under both the CBA and the Contribution Policy, as they are mutually exclusive and redundant, Welch Cert. ¶ 25;

and it appearing that although Plaintiffs contest each of these claims, Defendant supports its arguments with cites to the contracts between the parties, which is sufficient to defeat default, see $55,518.05 in U.S. Currency, 278 F.2d at 195 (holding that the defendant had adequately established a complete defense in part because the defendant had "alleged specific facts beyond simple denials or conclusionary statements");

and it appearing that "culpable conduct means actions taken willfully or in bad faith," Gross v. Stereo Component Sys., 700 F.2d 120, 123-24 (3d Cir. 1983);

and it appearing that although Defendant admits that the Complaint was served on BPM on June 23, 2020, Susan M. McDermott ("McDermott"), BPM's Accounts Manager certified that she immediately contacted John McQuilken ("McQuilken"), the Union's business agent, who assured her that Plaintiffs would contact their lawyers and terminate the lawsuit, Certification of Susan M. McDermott ("McDermott Cert.") ¶ 10, ECF No. 12.2;

and it appearing that McDermott further contends that based on McQuilken's assurances as well as the fact that BPM continued to make its payments, BPM took no further action in the lawsuit, id.;

and it appearing that Defendant's counsel also submits that they had no knowledge of the instant action, despite ongoing correspondences with Plaintiffs' counsel in other matters, until receiving a courtesy copy of the Motion for Default Judgment, at which point they promptly made an appearance and filed their opposition, Welch Cert. ¶¶ 9-11; ECF Nos. 10-12;

and it appearing that based on these representations, the Court is satisfied that the failure to answer was the result of oversight or neglect, rather than a bad faith attempt to delay the litigation;[1]

---

[1] In their Opposition, Plaintiffs provide McQuilken's certification in which he states that he does not recall any conversation with McDermott and, moreover, states that he would "never make a representation to any

4

and it appearing that for the reasons explained above, vacating default is therefore appropriate;

**IT IS** on this 25th day of May, 2021;

**ORDERED** that Defendant's Motion to Set Aside Default, ECF No. 12, is **GRANTED**, and it is further

**ORDERED** that Plaintiffs' Motion for Default Judgment, ECF No. 9, is **DENIED AS MOOT**.

                                                 */s Madeline Cox Arleo*
                                                 **HON. MADELINE COX ARLEO**
                                                 **UNITED STATES DISTRICT JUDGE**

---

employer . . . that [he] would have any litigation dismissed that was initiated by the Funds as [he] does not have the authority." See Certification of John McQuilken ¶ 7, ECF No. 14.1. Plaintiffs rely on McQuilken's certification in arguing that "[a]ny prudent employer would take reasonable steps to ascertain the status of the Complaint or get some sort of proof that the case had been dismissed." Pl. Opp. at 16, ECF No. 14. This argument is unpersuasive, as even Plaintiffs admit that they must do more than establish "mere negligence" to prove culpable conduct. See Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984). And at this stage of the litigation, the Court accepts as true McDermott's Certification.